14667

McNAMARA *ET AL.* v. AYERS *ET AL.*

(196 S. E., 545)

January, 1937.

## ORDER OF JUDGE GASTON

This case was heard by me at Orangeburg, while presiding in the First Circuit, on exceptions to the report of the Special Referee, in behalf of Flora Ayers Miller and D. C. Ayers, as defendants. Hon. B. H. Moss, county Judge, was the Special Referee and filed his report, dated December 16, 1936, which fully and ably sets forth the facts. This is a suit for the sale of certain real estate belonging to the

estate of David W. Ayers, who died March 10, 1902, and left his will, under the terms of which the said real estate was devised to his widow, Ella E. Ayers, for life, and at her death to the children of the testator, and the child or children of a deceased child to take the share of such pre-deceased child. His widow also was the executrix, and life tenant under the will. She died October 4, 1935. Thereafter letters of administration, C. T. A. D. B. N., were granted to two of the defendants.

The main issue before me is in regard to a note for One Thousand ($1,000.00) Dollars executed by Tilden T. Ayers, one of the testator's sons, and dated December 24, 1901, for money borrowed from the testator. Tilden died intestate in 1918, survived by his widow and his son as his sole heirs-at-law, who are now the appellants above named. The note was executed on December 24, 1901, and the testator died on March 10, 1902. No suit, to enforce payment of the note, was instituted at any time by the testator, or by the executors prior to this suit. The Referee held that under the doctrine of equiable retainer that Tilden T. Ayers, who died in 1918, or his representatives now, will not be allowed to retain this money and now share equally with the other six children in the distribution of the estate. The appellants contend that this is an error and that the doctrine does not apply in this case for the reasons (1) that more than twenty years has elapsed since the maturity of the note and since the death of the testator, and therefore the note is presumed to be paid, and (2) that the subject of the action is real estate and the doctrine cannot be applied.

The rule of law relating to this doctrine of equitable retainer is well established in this State and elsewhere. The rule is that upon the death of the testator (or of the intestate) the amount of the note due the estate of deceased by one of his heirs, legatees or devisees is at once converted by the doctrine of equitable retainer into an asset of the estate and the heir is thus regarded as having received *pro tanto*

the note as a part of the share of the estate, and must account therefor in a final distribution of the assets of the estate.

*Wilson v. Kelly,* 16 S. C., 218, 14 Cyc., 121; *Small v. Usher,* 77 S. C., 112, 18 Cyc., 621 to 623; *Wilson v. Gordon,* 84 S. C., 444, 1 A. L. R., 994 to 1047; *Rasor v. Rasor,* 173 S. C., 365 (at page 373), 175 S. E., 545; *Stokes v. Stokes,* 62 S. C., 346.

But there are certain exceptions to this doctrine or rule which are well established and universally recognized. The exceptions to the rule may be stated as follows: (1) But if the note is barred by presumption of payment, after twenty years' elapsing before or after death of deceased prior to final settlement of the estate and enforcement or demand by the executor or administrator of payment or by the deceased in his lifetime of payment, then it cannot be charged to the heir, under this rule, unless the note has been acknowledged and renewed or revived by a part payment thereof, or consent in writing that it be enforced and kept alive. (2) Nor if the devise is specific real estate, and the note due by the heir is not an asset to go as a credit on the devise of such specific real estate.

In the case of *White v. Moore,* 23 S. C., 456, the Supreme Court held that where the lapse of time is complete, the presumption of payment arises and recovery on the note is barred and also the debt itself is paid and extinguished. In that case the son of the testator was surety upon a note, but by the subsequent purchase of the land, he became the principal in the debt to his father. "The presumption of payment began to run at the time of the last credit, January 8, 1859, during the lifetime of the debtor, Alexander White; and, as we suppose not being suspended either by the death of Alexander White in 1865, or that of John White in 1876, continued to run on until February 13, 1883, when the parties claimed the benefit of the note in this case, being about twenty-four years; so that it would seem that the period necessary to raise the presumption of payment had expired."

This case held that the presumption of payment is one of those strong presumptions which shift the burden of proof, and has acquired an artificial force and become as important as presumptions of law. See also to the same effect Volume 18, American State Reports, pages 879 to 888, for an exhaustive note. See also *Hall v. Woodward,* 26 S. C., 557, *Ex Parte Middleton,* 42 S. C., 178, 1 A. L. R., 782, n-816, n-26 A. L. R., 1120, n-1136 n. It is unnecessary to refer to the other cases set forth in the Referee's report.

In the distribution of an intestate estate, the equitable doctrine of retainer for barred debts due to the estate by a distributee does not apply to the interest of such distributee in the real estate of the intestate, or in the proceeds of the sale thereof. *Sartor v. Beaty,* 25 S. C., 293.

Under proceedings had in the Court of Probate for a settlement of this estate, a note of one of the devisees, barred by the Statute of Limitations, could not be set off against his devise, but his interest in the personal estate should be retained to that extent. *In re: Covin's Estate,* 20 S. C., 471.

To effect equitable conversion of testator's realty will most clearly express the intention that the land itself is not to be divided, but the proceeds arising from the sale are to be divided. *Ex Parte Johnson,* 147 S. C., 259, 145 S. E., 113. Also 6 R. C. L., 1074 and 1075. Subject, "Conversion and Reconversion," Sections 9 and 10 and 13 C. J., 852.

I think, therefore, that the exceptions to the report of the Referee must be sustained, and hereby are sustained in regard to the note for One Thousand ($1,000.00) Dollars claimed against the share of Tilden T. Ayers in the real estate, or its proceeds, under the will of David W. Ayers; and that the widow and son who are now the sole heirs-at-law of Tilden T. Ayers, are entitled to his share in the distribution of the funds now in the hands of the Court.

The report of the Referee in all other respects is affirmed, and it is so ordered.

*Mr. John S. Bowman,* for appellant, 

*Messrs. Sims & Sims,* for respondents, 

April 12, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The facts of this case are fully set out in the decree of Judge Gaston. His decree is satisfactory to this Court and is adopted as the opinion of this Court. Let it be reported.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE. concur.

MR. JUSTICE CARTER did not participate on account of illness.